UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOK ABEBE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-01465-SEB-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

For the reasons discussed in this Order, the motion of Brook Abebe for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

Petitioner Brook Abebe was convicted of (1) armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); (2) discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3), in case number 1:09-cr-116-SEB-KPF-1 (hereinafter "Crim. Dkt."). He was sentenced to a total term of imprisonment of 300 months—180 months on Count One; 120 months on Count Three, concurrent to Count One; and 120 months on Count Two, to be served consecutively to Counts One and Three. Judgment was entered on December 23, 2010. Crim. Dkt. 62.

Five days later, Abebe filed a notice of appeal. Crim. Dkt. 64. On July 21, 2011, the Seventh Circuit affirmed the district court's judgment. *See United States v. Brook Abebe*, No. 10-3966 (7th Cir. July 21, 2011) (mandate issued).

On April 9, 2019, Abebe filed a motion to vacate, set aside, or correct sentence under § 2255. Dkts. 1, 2. In his motion, Mr. Abebe argues that his armed bank robbery conviction fails to qualify as a "crime of violence." Dkt. 2. He therefore concludes that he is innocent of the § 924(c) conviction based on the Supreme Court's decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319, 2336 (2019).

## III. Discussion

Mr. Abebe argues that he is entitled to relief because he was improperly sentenced for discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony

that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

In *Davis*, the Supreme Court held that § 924(c)(3)'s residual clause—that is, § 924(c)(3)(B)—was unconstitutionally vague. 139 S.Ct. at 2336; *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague.").[1]

However, a conviction under § 2113 is a crime of violence under the still-valid "elements clause" of § 924(c)(3)(A). *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016). As the Seventh Circuit has explained, § 2113(a) and (d) "have as an element the use, attempted use, or threatened use of physical force against the person or property of another and thus qualify as crimes of violence under § 924(c)." *Armour*, 840 F.3d at 909.

Therefore, even though *Davis* invalidated § 924(c)(3)(B)'s residual clause, armed bank robbery, in violation of 18 U.S.C. § 2113(a), is still a crime of violence under § 924(c)(3)(A)'s force clause and constitutes a valid predicate crime of violence for the purposes of Mr. Abebe's convictions. Mr. Abebe is thus not entitled to relief.

### IV.  Conclusion

Mr. Abebe is not entitled to relief on his § 2255 motion.  Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with

---

[1] Mr. Abebe also references *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), to support the same theory of relief. In *Dimaya*, the Supreme Court held that the residual clause of 18 U.S.C. § 16, as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1215-16.

this Order shall now issue. The **clerk shall** docket a copy of this Order in the underlying criminal action, No. 1:09-cr-116-SEB-KPF-1. The motion to vacate shall also be terminated in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Abebe has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/10/2020

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BROOK ABEBE
09241-028
WILLIAMSBURG - FCI
WILLIAMSBURG FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 340
SALTERS, SC 29590

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
james.warden2@usdoj.gov